UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIE SMITH, JR.,

       Plaintiff,

                                     Case No. 10-14700

v.

                                     Honorable Patrick J. Duggan

LITTON LOAN SERVICING, LP, a foreign
corporation, and DEUTSCHE BANK
NATIONAL TRUST COMPANY, as
Trustee Under the Pooling and Servicing
Agreement Dated April 1, 2006, Fremont
Home Loan Trust 2006-2, Asset-Backed
Certificates, Series 2006-2,

       Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 28, 2012.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On October 19, 2010, Charlie Smith, Jr. ("Plaintiff") filed this suit in Wayne County

Circuit Court to quiet title to real property located in Romulus, Michigan. Defendants

Litton Loan Servicing, LP ("Litton") and Deutsche Bank National Trust Company, as

Trustee Under the Pooling and Servicing Agreement Dated April 1, 2006, Fremont Home

Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2 ("Deutsche Trust") have

filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The

matter has been fully briefed, and on January 10, 2012, the Court indicated to the parties

that it was dispensing with oral argument pursuant to Eastern District of Michigan Local

Rule 7.1(f)(2).  For the reasons stated below, the Court grants Defendants' motion.

### I. Factual and Procedural Background

On November 23, 2005, Plaintiff obtained a $200,000 mortgage loan from Fremont

Investment & Loan.  He signed an adjustable rate note in connection with the transaction.

As security for the loan, he executed a mortgage on a home located at 39079 Buckingham

Drive, in Romulus, Michigan.  The mortgagee was Mortgage Electronic Registration

Systems, Inc. ("MERS"), as nominee for the lender and the lender's successors and

assigns.  Litton eventually began servicing this loan.

In late 2009 and early 2010, Plaintiff failed to make the scheduled loan payments.

On March 13, 2010, MERS assigned the mortgage to Deutsche Trust.[1]  Deutsche Trust

initiated foreclosure by mailing written notice to Plaintiff pursuant to Michigan Compiled

Laws § 600.3205a(3) and publishing the notice in a newspaper pursuant to § 600.3205a(4).

Affidavit of Compliance, Defs.' Br. Ex. E at 6.  Neither Plaintiff nor a housing counselor

retained by Plaintiff contacted the designated party to negotiate a modification of the loan

pursuant to § 600.3205b.  Affidavit of Compliance, Defs.' Br. Ex. E at 6; Smith Dep. 16:9-

17:12, Aug. 18, 2011.  Deutsche Trust published four notices of foreclosure in the Detroit

Legal News.  Affidavit of Publication, Defs.' Br. Ex. E at 4.  Notice was posted on the

property on April 17, 2010.  Affidavit of Posting, Defs.' Br. Ex. E at 3.  The property was

---

[1] This assignment was recorded on April 12, 2010.

sold to Deutsche Trust at a sheriff's sale on May 12, 2010.

Plaintiff apparently hired Bloomfield Financial Services ("Bloomfield Financial") to attempt to negotiate a "short pay-off" of the loan.[2]  Bloomfield Financial did not attempt to negotiate a loan modification.  Malone Dep. 25:4-24, July 15, 2011.  Litton agreed to work with Plaintiff during the redemption period to try to negotiate the short sale.  Litton eventually agreed in principle to the proposal of a short sale, provided that the transaction closed by a certain date and the second lienholder received no more than $3,000 of the sale proceeds.  Litton never agreed to postpone foreclosure proceedings.  Pack Dep. 24:23-25:7, June 3, 2011.  Because the second lienholder was unwilling to agree to Litton's conditions, the proposed short sale never closed.  The redemption period expired on November 12, 2010.

Plaintiff filed this action in Wayne County Circuit Court.  He asserts the following claims: "Quiet Title" (Count I); "Unjust Enrichment" (Count II); "Breach of Implied Agreement / Specific Performance" (Count III); "Innocent / Negligent Misrepresentation" (Count IV); "Fraud, Based upon Silent Fraud and Bad Faith Promises" (Count V); "Constructive Trust" (Count VI); "Breach of MCL 600.3205c" (Count VII); and "Deceptive Act and/or an Unfair Practice" (Count VIII).  Litton subsequently removed the suit to this Court, and Defendants have now moved for summary judgment.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any

---

[2] Plaintiff's deposition testimony suggests that his son was handling the negotiations with Bloomfield Financial.  Smith Dep. 14:23-16:24.

material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement

to require submission to a jury or whether it is so one-sided that one party must prevail as

a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505,

2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates

summary judgment against a party who fails to establish the existence of an element

essential to that party's case and on which that party bears the burden of proof at trial. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of

material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the

non-movant must come forward with specific facts showing that there is a genuine issue

for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct.

1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present

sufficient evidence upon which a jury could reasonably find for the non-movant; a

"scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable

inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. "A party asserting

that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to

particular parts of materials in the record . . . or (B) showing that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot

produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III. Discussion

4

**A. Promise to Postpone Foreclosure**

Counts I through VI seek to enforce an alleged promise to adjourn the foreclosure proceedings while Plaintiff attempted to negotiate a loan modification or short sale. The Court is unaware of any evidence of this alleged promise. Kendra Pack, a Bloomfield Financial employee, stated that Litton never agreed to postpone foreclosure proceedings. Pack Dep. 24:23-25:7. Plaintiff does not point to any evidence of the alleged promise. Rather, he seems to argue that Defendants' obligation to postpone foreclosure arose by operation of law pursuant to Michigan Compiled Laws § 600.3205c. Pl.'s Resp. Br. 3. The Court is unaware of any legal authority holding that the requirements of this statute may be enforced in the same way as a promise. The statute provides remedies to allow an aggrieved borrower to enforce its provisions.[3] As there is no evidence of a promise to adjourn foreclosure proceedings, the claims in Counts I through VI fail as a matter of law.

Plaintiff's claims to enforce the alleged promise also fail under the statute of frauds, which provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of

---

[3] As noted below, the statute provides for conversion to judicial foreclosure. Michigan Compiled Laws § 600.3205c(8).

credit, or other financial accommodation.

Michigan Compiled Laws § 566.132(2). "[A] party is precluded from bringing a claim -
no matter its label - against a financial institution to enforce the terms of an oral promise to
waive a loan provision." *Crown Tech. Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538,
550, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). The alleged promise to delay enforcement
of the lender's rights plainly falls within the statute's scope. It is undisputed that there was
no written agreement requiring Litton to postpone foreclosure. Thus, the statute of frauds
bars Plaintiff's claims to enforce the alleged promise.

Plaintiff argues that the promise to postpone foreclosure does not fall within the
scope of the statute of frauds, relying on *Schering-Plough Healthcare Products v. NBD
Bank, N.A.*, 98 F.3d 904 (6th Cir. 1996). *Schering-Plough* held that a promise to certify a
check was a "financial accommodation" under the statute, and thus, an oral agreement to
certify a check was unenforceable. *Id.* at 911-12. Plaintiff points to language in *Schering-
Plough* indicating that a "financial accommodation" is limited to transactions where the
bank takes on a risk of loss. It defies reason to assert that the lender takes no risk of loss
by postponing the exercise of its rights against the collateral. *Schering-Plough* cannot
excuse the lack of a written promise in this case.

**B. Standing to Challenge the Sheriff's Sale**

Counts VII and VIII seek to set aside the sheriff's sale. Defendants argue that
Plaintiff lacks standing to challenge the sheriff's sale because the statutory redemption
period has expired. Under Michigan law, once the redemption period has expired, the
former owner's rights in and title to the property are extinguished. *Piotrowski v. State*

6

*Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (Mich. 1942); *see also* Michigan Compiled Laws § 600.3236.  At that point, the former owner loses standing to assert claims with respect to the property.  *Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3 (Mich. Ct. App. May 28, 2009).  The filing of a lawsuit does not toll the redemption period.  *Id.*  "'The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.'"  *Id.* (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 247-248, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

The statutory redemption period expired on November 12, 2010, and Plaintiff has failed to justify an equitable extension.  Plaintiff contends that the alleged violation of Michigan Compiled Laws § 600.3205c would be sufficient to set aside the sheriff's sale.  Plaintiff is mistaken, as § 600.3205c(8) limits the borrower's relief to conversion of the foreclosure into a judicial foreclosure.  *Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 U.S. Dist. LEXIS 90226, at *12 (E.D. Mich. Aug. 10, 2011); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, at *29 (E.D. Mich. Feb. 24, 2011).

Plaintiff asserts that the assignment to Deutsche Trust was defective because the Trust closed in 2006.  This argument lacks merit.  "'[A] litigant who is not a party to an assignment lacks standing to challenge that assignment.'"  *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed. App'x 97, 102 (6th Cir. 2010)

(citation omitted).  Plaintiff therefore cannot challenge the assignment of the mortgage.[4]

Plaintiff asserts that Deutsche Trust could not foreclose by advertisement because it was not the owner of the indebtedness or an interest in the indebtedness, relying on *Bakri v. Mortgage Electronic Registration Systems*, No. 297962, 2011 Mich. App. LEXIS 1455 (Mich. Ct. App. Aug. 9, 2011).  *Bakri* is no longer good law, as the decision upon which it was based, *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321 (Mich. Ct. App. 2011), has been reversed by the Michigan Supreme Court.  *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (Mich. 2011).  In *Saurman*, the Michigan Supreme Court stated that the holder of a mortgage contingent on satisfaction of a debt is "the owner of . . . an interest in the indebtedness secured by the mortgage," and may therefore foreclose by advertisement under Michigan law.  *Id.* at 909, 805 N.W.2d at 183 (citing Michigan Compiled Laws § 600.3204(1)(d)).  Plaintiff has failed to show any irregularity sufficient to justify extension of the redemption period.  The Court therefore concludes that Plaintiff lacks standing to challenge the sheriff's sale.

## C. Violation of Michigan Compiled Laws § 600.3205c

Count VII alleges that Defendants failed to follow the loan modification process set forth in Michigan Compiled Laws § 600.3205c.  Plaintiff has failed to present evidence indicating that he requested a loan modification within the time period provided by the statute.  There is also no indication that a housing counselor working on Plaintiff's behalf

---

[4] Plaintiff's claim relating to the assignment also appears to lack merit.  Deutsche Trust owned the note and a beneficial interest in the mortgage.  Assignment of the mortgage simply allowed enforcement of Deutsche Trust's interest against the property.

requested a loan modification. Bloomfield Financial proposed a short sale, but the statute applies only to "negotiations to attempt to work out a modification of a mortgage loan." Michigan Compiled Laws § 600.3205b(1). The statute's language is clear, and does not include efforts to sell the property. Thus, Plaintiff's claim fails as a matter of law.

Even if Plaintiff could establish that he requested a loan modification, the statute applies only to a property that is claimed as the borrower's principal residence.[5] Michigan Compiled Laws § 600.3205a(1). Plaintiff admitted that he never resided at the property and that his son was living there instead. Smith Dep. 8:3-9. Thus, Plaintiff is not entitled to loan modification pursuant to § 600.3205c.

## D. Deceptive Act / Unfair Practice

Plaintiff also seeks to set aside the sheriff's sale because documents supporting the foreclosure "appear to have procedural defects." Compl. ¶ 72. Plaintiff has only pointed to the allegedly defective assignment of the mortgage, and the Court has already concluded that Plaintiff lacks standing to challenge this assignment. Because no other "procedural defects" have been identified, Defendants must be granted summary judgment with respect to this claim.

## IV. Conclusion

For the reasons set forth above, the Court concludes that Defendants are entitled to summary judgment.

---

[5] This requirement has since been eliminated by amendments to the statute, but the amended statute does not apply to foreclosures where the first notice was sent to the borrower prior to February 1, 2012.

9

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED**.


<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Darwyn P. Fair, Esq.
Andrew J. Kolozsvary, Esq.