UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIE SMITH, JR.,

    Plaintiff,

v.

Case No. 10-14700

Honorable Patrick J. Duggan

LITTON LOAN SERVICING, LP, a foreign
corporation, and DEUTSCHE BANK
NATIONAL TRUST COMPANY, as
Trustee Under the Pooling and Servicing
Agreement Dated April 1, 2006, Fremont
Home Loan Trust 2006-2, Asset-Backed
Certificates, Series 2006-2,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_April 26, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Charlie Smith, Jr. ("Plaintiff") filed this suit to quiet title to real property located in Romulus, Michigan. Defendants Litton Loan Servicing, LP and Deutsche Bank National Trust Company, as Trustee Under the Pooling and Servicing Agreement Dated April 1, 2006, Fremont Home Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2 ("Deutsche Trust") moved for summary judgment, and on February 28, 2012, the Court granted Defendants' motion and dismissed this action. On March 13, 2012, Plaintiff filed

a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h), and this motion is presently before the Court.

The Court grants a motion for reconsideration only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to sway the judge.'" *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Plaintiff argues that Deutsche Trust was not entitled to foreclose on his mortgage because the assignment of the mortgage to Deutsche Trust was void. Specifically, Plaintiff asserts that the pooling and servicing agreement which created the Fremont Home Loan Trust 2006-2 imposed a "cut-off date" of April 1, 2006.[1] Plaintiff argues that this provision invalidates the March 13, 2010 assignment of the mortgage to Deutsche Trust, as the assignment occurred nearly four years after the cut-off date.

---

[1] Rather than citing the actual pooling and service agreement, Plaintiff points to the prospectus of the Fremont Home Loan Trust 2006-2 in order to establish the agreement's terms. *See* Pl.'s Br. Ex. 1. The prospectus summarizes the terms of the agreement, and the Court shall likewise refer to this document.

2

Plaintiff misunderstands the function of the cut-off date provision, which relates to the selection of mortgage loans for inclusion in the trust. *See* Pl.'s Br. Ex. 1 at 201. It does not restrict the availability of remedies in the event that the borrower defaults on the loan. In seeking to apply the cut-off date provision to prevent assignment of the mortgage, Plaintiff essentially fails to recognize that the *mortgage* and the *mortgage loan* are not interchangeable. Plaintiff cites provisions of the pooling and servicing agreement which require the transfer of "mortgage loans" to the trust within a certain time frame. Pl.'s Br. 4. Plaintiff concludes that the assignment of his *mortgage* to the trust outside of this time frame was untimely, but the cited provision only restricts the transfer of *mortgage loans*. The mortgage is a security interest in real property which secures the repayment of the mortgage loan. While the pooling and servicing agreement established a schedule for the assignment of mortgage loans to the trust, it did not similarly restrict the assignment of mortgages. The assignment of the mortgage is one step in the process of foreclosure by advertisement, a remedy that is expressly provided for in the agreement. *See* Michigan Compiled Laws § 600.3204(3); Pl.'s Br. Ex. 1 at 219. Deutsche Trust established a record chain of title through the assignment of the mortgage from MERS, and was thus entitled to foreclose by advertisement. Plaintiff has failed to identify any fraud or irregularity in the foreclosure sale. His interest in the property was therefore extinguished by the expiration of the six-month redemption period on November 12, 2010.

Plaintiff asserts that Defendants have violated several statutes prohibiting fraud on the courts and fraudulent conveyances of real estate. These allegations are premised upon a finding that the foreclosure sale was improper. The Court has rejected this argument,

3

and concludes that Plaintiff's new allegations of fraud lack merit.

The Court has carefully reviewed Plaintiff's arguments, but concludes that it did not err in granting Defendants' motion for summary judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Darwyn P. Fair, Esq.
Andrew J. Kolozsvary, Esq.